# CHARLESTON.

### M. W. GROSSMAN *v.* J. N. KENNA.

### Submitted March 8, 1921.    Decided March 15, 1921.

1. VENDOR AND PURCHASER—*Relief Granted Against Collection of Purchase Money, Where Title Questioned and There Are Covenants of General Warranty.*

   A court of equity will grant relief against the collection of purchase money due on land where the vendee is in possession under a conveyance with covenants of general warranty, if the title to such land is questioned by suit, prosecuted or threatened, or it is clearly shown to be defective. (p. 230).

2. SAME—*Where Defect in Title Merely Possible or Probable, Vendor Will Not Be Prevented From Enforcing Lien for Purchase Money.*

   Where, however, the allegations upon which reliance is had for relief in such case do no more than to show a possibility or probability that there is a defect in the title, the vendor will not be prevented from enforcing his lien for purchase money. (p. 230).

Appeal from Circuit Court, Kanawha County.

Suit by M. W. Grossman against J. N. Kenna. Decree for complainant, and defendant appeals.

*Affirmed.*

*Leo Loeb,* for appellant.

*D. W. Taylor,* for appellee.

88 W. Va.

RITZ, PRESIDENT:

The appellant complains of the action of the circuit court in decreeing to sale a tract of land purchased by him from the defendant M. W. Grossman in satisfaction of a vendor's lien retained in the deed from said Grossman.

It appears that on the 26th day of January, 1918, the plaintiff conveyed to the defendant a certain tract of land for the consideration of $5,000.00, and covenanted in said deed to warrant generally the title to said land. Of said purchase money one-third was paid in cash, and the other two-thirds was to be paid in two equal annual installments, which were secured by a lien reserved in the deed. The first deferred installment was not paid when the same became due, and this suit was brought for the purpose of enforcing the lien reserved to secure the payment of the same. The defendant tendered an answer to the bill in which he admitted the conveyance to him and the reservation of the lien, but claimed that the plaintiff should not be permitted to enforce the same for the reason: first, that at the time of the making of the deed the plaintiff had agreed with him to secure a mineral interest in the land which was outstanding, and which was excepted from the operation of the deed, and to sell to him, or transfer to him, this mineral interest when he had secured it, and that having secured this interest the said plaintiff has declined and refused to transfer the same to the defendant, although he does not say that he has ever offered to pay for it, and does not in his answer offer to do so; and second, that the plaintiff did not have good title to the land conveyed. The court below held that the answer did not make any defense to the bill, and the defendant declining to make any further defense a decree was entered as prayed for.

There is nothing in the first matter of defense set up by the defendant. The deed to him conveyed the land excepting therefrom a one-half undivided interest in the minerals, and he claims in his answer that the plaintiff agreed to purchase this interest and transfer it to him for whatever it cost the plaintiff to acquire it; that plaintiff has since purchased

it, but has not transferred it to him. This does not make any defense to the suit to collect the unpaid purchase money for the land conveyed. It is a separate interest—in the same land it is true—but it has no relation to the matter involved in the present suit. If the plaintiff was under any legal obligation to him in regard to this undivided mineral interest he could by proper suit and upon tender of the amount paid by the plaintiff therefor compel its transfer to him. This is a matter, however, entirely foreign to the matter in litigation here.

The defect in the title complained of and set up by the defendant is that Grossman's grantor, George E. Lanham, acquired 66 acres of this land from Clarence Thomas and others, and the remaining 12 ¾ acres from R. T. Melton and wife; that the deed from Clarence Thomas *et als* for the 66 acres purports to be made by them as heirs-at-law of Catherine Hutchinson; that in fact, at the time of her death Catherine Hutchinson left two heirs besides those who joined in the deed whose names are unknown to the defendant, and that these said two heirs never conveyed their interest to the said George E. Lanham, for which reason said Lanham only acquired a one-half interest, his deed being from two heirs only; that the said Catherine Hutchinson only had a one-seventh interest in the said tract of land, for the reason that in 1835 a tract of 1024 acres was conveyed to Catherine Hutchinson and six others, of which the 66 acres is a part, and that the said 1024-acre tract has never been partitioned, wherefore the interest of Catherine Hutchinson in the 66 acres, part thereof, was only a one-seventh, and Lanham, having acquired a deed from only two of Catherine Hutchinson's heirs, acquired one-half of one-seventh thereof, or one fourteenth. In regard to the remaining 12-¾ acres acquired from R. T. Melton and wife, it is alleged that R. T. Melton was only the owner of a one-half undivided interest in this 12-¾ acres; that he and Charles A. Melton were the owners of a tract of 125 acres, of which the 12-¾-acre-tract is a part, and that the said Charles A. Melton never conveyed his interest in said tract of 12-¾ acres to M. W. Grossman, or to

any person under whom he holds. There is no averment in the answer that anybody is claiming any interest in these two tracts of land adversely to the defendant, or that a suit is threatened or has been brought for the purpose of attacking defendant's title. It may be entirely true that Catherine Hutchinson had four heirs at the time of her death, and that the two who do not join in the deed never conveyed their interest to Grossman's grantor, but there is no showing that the two who did convey had not acquired this title by devise, or by inheritance, or in some other way. The answer avers that the 1024-acre tract was never partitioned between Catherine Hutchinson and her co-owners. This may be entirely true so far as any formal partition is concerned, but Catherine Hutchinson may have acquired good title to this 66-acre tract in many other ways. That conveyance was made in 1835, and it is not intimated that there has been any claim adverse to the interest conveyed to the defendant by the plaintiff since that time. The same is true of the 12-3/4 acre tract. The answer does no more than suggest a possibility, or at most a probability of a defect in the title. There is no clear showing of any such defect, nor any allegation of an adverse claim, or of a pending or threatened suit. It is very well established in this state that equity will grant relief to a vendee in possession of land under a conveyance with covenants of general warranty, where the title thereof is questioned by suit, prosecuted or threatened, or where it is clearly shown to be defective. *Ralston* v. *Miller*, 3 Rand. 44; *Koger* v. *Kane*, 5 Leigh 606; *Beale* v. *Seiveley*, 8 Leigh 658; *Clarke* v. *Hardgrove*, 7 Gratt. 399; *Johnston* v. *Jarrett*, 14 W. Va. 230; *Wamsley* v. *Stalnaker*, 24 W. Va. 214; *Heavener* v. *Morgan*, 30 W. Va. 335; *Harvey* v. *Ryan*, 59 W. Va. 134; *Smith* v. *Ward*, 66 W. Va. 190; *Smith* v. *White*, 71 W. Va. 639; *McClung* v. *McClung*, 78 W. Va. 486. In none of these cases, however, did a court of equity refuse to permit the collection of the purchase money unless there was some adverse claim made to the land, either by a suit, prosecuted or threatened, or the title thereto was clearly shown to be defective. In this case the allegations made in the defendant's

answer, as before stated, do no more than to show a probability that his title may be questioned in the future.   There is no clear showing that the plaintiff did not have good title to the land conveyed by him to the defendant, and where this is the case the vendor will not be prevented from collecting his purchase money.   The answer does not ask any abatement from the purchase money because of the alleged defects in the titles; it does not ask rescission of the contract,  nor that the vendor be required to make his title good, but simply prays that the bill be dismissed.   The defendant refused to make any further defense when the lower court held his answer insufficient, and there was, of course, nothing remaining to be done except to enter a decree in accordance with the prayer of the bill, which was done.

We find no error in this action, and the decree complained of is affirmed.

*Affirmed.*